IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATIONAL INTERSTATE INSURANCE
COMPANY, an Ohio corporation,

      Plaintiff/Counter Defendant,

vs.                                               Civ. No. 01-1446 MCA/WWD ACE

PENNY EMERSON, a New Mexico
resident,

      Defendant/Counter Plaintiff.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant Counter Plaintiff's [hereinafter "Emerson"] First Motion to Compel Answers to Interrogatories and Request for Production [docket no. 44] filed July 8, 2002. Emerson seeks an order directing Plaintiff to answer fully and completely interrogatories 2, 3, 5, 6, and 7; and to produce the documents sought in items 2-6, and 8-17 of Emerson's first request for production.

      After reviewing the discovery in question and the submissions of counsel, I have concluded that no further answer will be required with respect to interrogatories 2 and 7. Witnesses, testimony, and documents to be used at trial are discoverable and are not protected as attorney work product. To the extent that those witnesses and documents are presently identified, National Interstate Insurance Company (hereinafter "National"), shall, on or before September 13, 2002, furnish full and complete answers to Interrogatories numbered 3 and 5. Realizing that some of the witnesses and documents to be used at trial may not be known to National at this time, I will require National to furnish supplementation to its responses Emerson

in accordance with Fed.. R. Civ. P. 26 (e)(1) and (2). I have considered National's objection to Interrogatory No. 6, and I find that the request for various categories of claims in each of the five years from 1997 through 2001 is unduly burdensome.

Where a claim of privilege is made in response to a request for production, National shall provide Emerson with a log[1] setting out the number of the Request for Production involved, the nature or name of the document involved, the date of the creation of the document, the author, the recipient (if any), and the privilege claimed. This shall be done with Requests for Production Nos. 2, 3, 4, 5, 8, 9, 10, 12, 13, and 14. Except where such a log is required, no further response for Request for Production Nos. 2, 5, 6, 11, 12, 14, 16, and 17 shall be required now. On or before September 13, 2002, National shall produce to Emerson all non-privileged materials sought in Requests for Production Nos. 8, 9, 13, and 15.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If the information specified in this order has been supplied in the previously prepared privilege log, an additional log will not be required. If necessary, a supplementary log can be utilized to supply information herein required which was not previously submitted.