IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**NATIONAL INTERSTATE
INSURANCE COMPANY,**
an Ohio insurance company,

      Plaintiff/Counter-Defendant,

    vs.                        Civil No.    **01-1446 MCA/WDS**

**PENNY EMERSON**,
a New Mexico resident,

      Defendant/Counter-Plaintiff.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant/Counter Plaintiff's Motion for Partial Summary Judgment on Breach of Contract and Violations of the New Mexico Insurance Code* (Doc. No. 163). The Court, having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, **denies** Defendant/Counter Plaintiff's motion.

### I.    FACTUAL BACKGROUND

Plaintiff National Interstate Insurance Company (NIIC) is an Ohio-based corporation authorized to transact insurance business in New Mexico. Defendant Penny Emerson (Emerson) is an officer of Native Resource Development, Inc. (NRD). At all relevant times, NRD was in the business of providing non-essential medical transport to its clients in

Arizona and New Mexico. NIIC issued a commercial automobile policy to Native Resource Development (NRD) with a policy period from December 6, 2000 to December 6, 2001. (Pl. Ex. 1). On December 18, 2003, this Court filed a ***Memorandum Opinion and Order*** (Doc. No. 226), which set forth certain facts and citations to the policy's language and statutes. Those references will not be repeated here, and the Court herein adopts those references.

After Emerson's accident in August 2001, there was another accident involving an employee of NRD, Caroline Malone. That accident occurred on September 6, 2001. Ms. Malone was involved in a single car rollover accident at approximately 1:50 p.m., when she fell asleep at the wheel while returning from an eleven-hour shift which began at 2:00 a.m. (Ex. 8). The original insurance application verified by Emerson indicated that the hours of service by NRD's drivers were to be ten hours per day. (EX.1 to Doc. No. 170 & 171).

On October 8, 2001, NIIC issued a notice of cancellation and its stated reason for cancellation of the policy was: "SUBSTANTIAL CHANGE IN THE RISK ASSUMED BY INSURER DUE TO INCREASE IN EXPOSURE APPLICATION STATED INSURED OPERATES 10 HOURS PER DAY WHICH DOES NOT CONCUR WITH LOSS OF 09/06/2001 WHERE DRIVER STARTED ON 11 HOUR SHIFT AT 2 A.M." (Ex.7). The notice also stated that the cancellation would be effective on 11/12/2001. (Ex. 7).

## II. DISCUSSION

### A. Standard of Review

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e).  Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."  Id.  Judgment is appropriate "as a matter of law" if the non-moving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324. It is not the court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and

draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

### B. Penny Emerson's Claims of Breach of Contract and Breach of New Mexico Insurance Code Concerning Cancellation of the Policy

Emerson moved for partial summary judgment claiming that NIIC violated the New Mexico Insurance Code and breached the contract (policy provisions) by (1) failing to provide notice of cancellation to the named insured, (2) canceling the policy for an improper purpose, and (3) failing to pay the unearned premium to NRD directly. NIIC challenges Emerson's legal standing to pursue these claims.

The policy at issue provided the following provisions regarding cancellation:

3.  When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel for one or more of the following reasons:

    . . . .

    b.  There has been a substantial change in the risk assumed by us since the policy was issued. If we cancel for this reason, we will mail the first Named Insured at least 30 days notice.

    . . . .

4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.  If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata.

The policy stated that NIIC "will mail or deliver . . . notice of cancellation or nonrenewal to [customer's] last mailing address known. . . . If notice is mailed, proof of mailing will be sufficient proof of notice." (Plf's Ex.1).

N.M. Stat. Ann. § 59A-18-29C provides as follows:

[A]fter expiration of the sixty (60) day period . . . an insurer or agent shall not cancel except for reasonable cause.

N.M. Stat. Ann. § 59A-18-29D provides that:

Notice of cancellation may be given by personal delivery to the named insured or by mailing the notice . . . to the named insured at his address last of record with the insurer. Notice so mailed shall be deemed when deposited in a mail depository of the United States post office.

NRD was the named insured. Emerson may not have standing as a third party to bring the claims against NIIC on behalf of NRD. Lawsuits must be prosecuted in the name of the real party in interest. See Marchman v. NCNB Tx. Nat'l. Bank, 120 N.M. 74, 80-81, 898 P.2d 709, 715-716 (1995). Whether one is the real party in interest is "'determined by whether one is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit.'" Id. at 81, 898 P.2d at 716. There is a requirement that a plaintiff should suffer an injury in order to recover money damages or such other relief. See London v. Bruskas, 64 N.M. 73, 78, 324 P.2d 424, 427 (1958). A corporation and stockholder, even though that stockholder may be the owner of the vast majority of the stock, are separate entities. See id. A corporation and a shareholder—even a sole shareholder—are separate entities, and a shareholder of a corporation does not have

an individual right of action against a third person for damages resulting from an injury to the corporation.  See Marchman, 120 N.M. at 81, 898 P.2d at 716.

At the time of cancellation of the insurance policy, NRD was an incorporated entity. Pursuant to the policy provisions and N.M. Stat. Ann. § 59A-18-29, the notice of cancellation was required to be given to the named insured, NRD.  A fundamental tenet of corporation law is to treat the corporate body as an entity, separate and distinct from those who own shares of its stock.  It is this concept of separate identities which forms the basis for distinguishing the rights, responsibilities, and immunities of shareholders (Emerson in this case) from the rights and obligations of NRD.  NRD purportedly declared its agreement with the substance of Emerson's motion through Emerson's reply.  This will not suffice. NRD had the right to vindicate wrongs which harmed it and it (the corporate entity), and not Emerson, should have moved to enforce those rights.  Summary judgment is denied on these procedural grounds because the motion was brought by Emerson, not NRD.

Emerson further argues that as an officer, owner, and director of NRD, she is an insured under the policy and is, therefore, entitled to bring the present motion as a third-party beneficiary.  She relies on Hovet v. Lujan, 2003-NMCA-061 ¶ 27, 133 N.M. 611, 66 P.3d 980 for the proposition that, as a third-party beneficiary, she can bring claims against the insurer.  Hovet does not apply to the present case because Hovet involved a case in tort and not contract.  The ruling in Hovet is based on the intended beneficiary theory (holding that a victim of an auto accident has a claim against an insurer).  In the present case, Emerson failed to prove that she was the intended beneficiary of the contract between NIIC and NRD.

Emerson's motion must, therefore, be denied on procedural grounds as to this argument as well.

Alternatively, even assuming Defendant NRD properly moved for partial summary judgment (by joining in Emerson's reply), examination of the record reveals that there are several disputed facts regarding NIIC's stated reasons for cancellation of the policy warranting denial of summary judgment, both under the breach of contract theory, as well as the breach of New Mexico Insurance Code § 59A-18-29. In particular, there are disputed facts regarding NIIC's actual reasons for cancellation of the policy and whether NIIC possessed information regarding changes in the risk before the accidents. (See Ex. 11, Def.'s Exh. 15, Terill Dep. at 84-85, Beulow Dep. at 29-32, Def.'s Ex. 24, Hradek Dep. at 72-73; Beulow Dep. at 29-32, Plf.'s Ex.8; Parks Dep. at 114-17, Plf's Ex.1 to Doc. No. 170 & 171). Summary judgment is, therefore, denied as to this issue.

**IT IS, THEREFORE, ORDERED** that *Defendant/Counter Plaintiff's Motion for Partial Summary Judgment on Breach of Contract and Violations of the New Mexico Insurance Code* (Doc. No. 163) is **DENIED**.

**SO ORDERED,** this **31st** day of **December 2003**, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*