FILED
04 JAN 16 PM 3:43

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**NATIONAL INTERSTATE INSURANCE COMPANY, an Ohio Corporation,**
**Plaintiff,**

**vs.** **No.: CIV-01-1446-MCA/WDS ACE**

**PENNY EMERSON, a New Mexico Resident,**
**Defendant.**

**and**

**NATIVE RESOURCE DEVELOPMENT, INC., a Navajo Nation corporation, as a Real Party in Interest; PENNY EMERSON,**
**Counter Plaintiffs,**

**vs.**

**NATIONAL INTERSTATE INSURANCE COMPANY, an Ohio Corporation,**
**Counter Defendant.**

**NATIONAL INTERSTATE INSURANCE COMPANY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

COMES NOW the Plaintiff-Counterdefendant National Interstate Insurance Company and submits its proposed findings of fact and conclusions of law on the issues for trial that it believes are within the province of the court as trier of fact rather than the jury -- 1) the alleged inequitable conduct by Mueller & Associates as alleged agent of National Interstate to support counterplaintiffs' claim for equitable contract reformation, and 2) the unclean hands of counterplaintiffs during the insurance transaction and of Ms. Emerson during the UM claim processing and investigation.

254

Findings of Fact:

1. National Interstate Insurance Company did not agree or consent that Mueller & Associates was authorized to act as its agent during the purchase of insurance by Native Resource Development, Inc.

2. National Interstate Insurance Company did not ratify the acts or omissions of Mueller & Associates during the purchase of insurance by Native Resource Development, Inc.

3. National Interstate Insurance Company did not cloak Mueller & Associates with apparent authority to act as National's agent during the purchase of insurance by Native Resource Development, Inc.

4. National Interstate Insurance Company had a written broker agreement with Mueller & Associates that expressly provided that Mueller was not authorized to make representations or promises concerning the coverage quoted by National Interstate Insurance Company.

5. Mueller & Associates had a prior and subsequent business relationship with Native Resource Development, Inc. apart from the period when National Interstate's insurance policy was issued to Native Resource Development, Inc.

6. At all material times, Mueller & Associates represented itself to Native Resource Development, Inc. as an independent agency that dealt with many different insurance companies on behalf of its clients.

7. David Krzyzyanowski at Mueller & Associates told Native Resource Development, Inc. that he was offered $60,000 and then $100,000 in New Mexico uninsured motorist benefits from National Interstate Insurance Company.

8. Mueller & Associates' insurance proposal to Native Resource Development, Inc. included an explanation of uninsured motorist coverage that was drafted by David Krzyzyanowski.

9. David Krzyzyanowski did not know whether a policy provided stacking of uninsured motorist coverage.

10. David Krzyzyanowski would refer a client to the insurer to answer questions about he policy if he did not know the answer.

11. Penny Emerson did not know what stacking of uninsured motorist coverage was, until her accident of August 11, 2001.

12. At no time did Penny Emerson at Native Resource Development, Inc. ask Mueller & Associates or National Interstate Insurance Company any questions about the uninsured motorist coverage that she was purchasing for her company.

13. Native Resource Development, Inc. failed to express any intention to Mueller & Associates or National Interstate Insurance Company that the company desired more than $100,000 UM New Mexico coverage after that amount was offered by National Interstate.

14. Native Resource Development, Inc. led Mueller & Associates and National Interstate Insurance Company to believe that $100,000 UM for New Mexico was acceptable and that the policy should be issued in that amount.

15. Native Resource Development, Inc.'s President, Penny Emerson, twice signed a uninsured motorist coverage selection form without indicating that the company desired more than $60,000 UM for New Mexico.

16. Upon receiving the insurance policy, Native Resource Development, Inc. did not inform Mueller & Associates or National Interstate Insurance Company that the issued benefits of $100,000 UM New Mexico were not what it intended to purchase.

17. National Interstate Insurance Company did not issue uninsured motorist coverage limits greater than $100,000 for New Mexico, and would not have issued a policy with higher limits.

18. Native Resource Development, Inc. made payment of premiums due under the insurance policy for coverage in the amount of $100,000 UM New Mexico, without ever requesting that UM coverage be increased.

19. Penny Emerson did not cooperate with National Interstate Insurance Company when she failed to provide either a signed medical records release or copies of her medical records and bills upon request by National Interstate Insurance Company in order to process Ms. Emerson's uninsured motorist claim.

20. Penny Emerson unreasonably delayed her obligation to provide a signed medical records release or copies of her medical records and bills to National Interstate Insurance Company to support her claim for uninsured motorist benefits and medical payment coverage.

Conclusions of Law:

1. Mueller & Associates was not acting as an agent for National Interstate Insurance Company when it allegedly engaged in inequitable conduct during the purchase of insurance by Native Resource Development, Inc..

2. At all time material to the purchase of insurance by Native Resource Development, Inc., Mueller & Associates was acting as agent for Native Resource Development, Inc.

3. Mueller & Associates did not engage in inequitable conduct capable of supporting an equitable reformation of the insurance policy to provide for UM coverage greater than $100,000 UM New Mexico.

4. Native Resource Development, Inc. has not shown that it is entitled to equitable reformation of the insurance policy to provide for UM coverage greater than $100,000 UM New Mexico.

5. Native Resource Development, Inc. had unclean hands during the insurance purchase transaction when it failed to communicate its intentions for coverage to Mueller & Associates and National Interstate Insurance Company and did not attempt to change the policy coverage after the policy issued.

6. Native Resource Development, Inc.'s claim for contract reformation is barred because the company had unclean hands.

7. Penny Emerson had unclean hands because she failed to cooperate and timely provide a signed medical records release or copies of her medical records and bills to National Interstate Insurance Company to support her claim for uninsured motorist benefits.

8. Penny Emerson's claim for bad faith delay in payment of uninsured motorist benefits is barred because Ms. Emerson had unclean hands.

Respectfully Submitted By,

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

By ______________________
William P. Gralow
Lisa Entress Pullen
Attorneys for the Plaintiff.Counterdefendant
National Interstate Insurance Co.
P.O. Box 887

Albuquerque, New Mexico 87103-0887
Phone: 505-842-8255

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was faxed to opposing counsel as follows on January 16th, 2004:

Theodore Barudin, Esq.
7900 Menaul Blvd., N.E.
Albuquerque, New Mexico 87110

Steven C. Henry, Esq.
3949 Corrales Road, Suite 120
Corrales, New Mexico 87048

Maureen A. Sanders, Esq.
Sanders & Westbrook, P. C.
102 Granite Avenue, N.W.
Albuquerque, New Mexico 87102-2310

Lisa Entress Pullen