IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

04 JAN 22 PM 3:07

NATIONAL INTERSTATE INSURANCE COMPANY,
an Ohio Corporation,

           Plaintiff,

v.                         No. CIV-01-1446-MCA/WDS ACE

PENNY EMERSON, a New Mexico Resident,

           Defendant,

and

NATIVE RESOURCE DEVELOPMENT, INC.,
a Navajo Nation Corporation, as a Real Party in
Interest; PENNY EMERSON,

           Counter Plaintiffs,

v.

NATIONAL INTERSTATE INSURANCE COMPANY,
an Ohio Corporation,

           Counter Defendant.

## DEFENDANT/COUNTER PLAINTIFFS' REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COME NOW Defendant/Counter Plaintiffs Penny Emerson and Native Resource Development, Inc., by and through their attorneys of record, Ted Barudin & Associates, by Theodore W. Barudin, Sanders & Westbrook, P.C., by Maureen A. Sanders, and Steven C. Henry, and submit their proposed Findings of Fact and Conclusions of Law on the Counterclaim of Reformation of the Insurance Contract as follows:

1



## **FINDINGS OF FACT**

1. National Interstate Insurance Company failed to inquire of Penny Emerson during the application process whether Native Resource Development was an active corporation, a sole proprietorship or a partnership.

2. Mueller & Associates, through its employee, David Kzryzanowski, failed to inquire of Penny Emerson during the application process whether Native Resource Development was an active corporation, a sole proprietorship or a partnership.

3. National Interstate Insurance Company, prior to the delivery of the policy of insurance on or about May 22, 2001, failed to provide Penny Emerson or Native Resource Development any information concerning whether the policy of insurance provided for "stacking" of Uninsured Motorist benefits.

4. Neither Mueller & Associates nor David Kzryzanowski, prior to the delivery of the policy of insurance on or about May 22, 2001, failed to provide Penny Emerson or Native Resource Development any information concerning whether the policy of insurance provided for "stacking" of Uninsured Motorist benefits.

5. National Interstate Insurance Company never explained to Penny Emerson or Native Resource Development that the designation of Native Resource Development as a corporation or a sole proprietorship could affect the amount of Uninsured Motorist coverage available under the National Interstate policy.

2

6. Neither Mueller & Associates nor David Kzryzanowski ever explained to Penny Emerson or Native Resource Development that the designation of Native Resource Development as a corporation or a sole proprietorship could affect the amount of Uninsured Motorist coverage available under the National Interstate policy.

7. National Interstate Insurance Company never explained to Penny Emerson or Native Resource Development how the definition of a "Class 1" insured in the New Mexico Uninsured/Underinsured Motorist Endorsement could affect the amount of Uninsured Motorist coverage available under the National Interstate policy.

8. Neither Mueller & Associates nor David Kzryzanowski ever explained to Penny Emerson or Native Resource Development how the definition of a "Class 1" insured in the New Mexico Uninsured/Underinsured Motorist Endorsement could affect the amount of Uninsured Motorist coverage available under the National Interstate policy.

9. Neither National Interstate Insurance Company, Mueller & Associates nor David Kzryzanowski ever provided Penny Emerson or Native Resource Development a copy of the Application it submitted to National Interstate Insurance Company or a copy of the policy showing the amount of Uninsured or Underinsured Motorist coverage Ms. Emerson was requesting for Native Resource Development until the policy was delivered.

10. Neither National Interstate Insurance Company, Mueller & Associates nor David Kzryzanowski ever provided Penny Emerson or Native Resource Development a copy of the Application it submitted to National Interstate Insurance Company or a copy of the policy showing whether Native Resource Development was a sole proprietorship or a corporation until the policy

was delivered.

11.     Neither Mueller & Associates nor David Kzryzanowski ever advised Penny Emerson or Native Resource Development that National Interstate Insurance Company was required by Arizona law to offer Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

12.     Neither Mueller & Associates nor David Kzryzanowski knew that National Interstate Insurance Company was required by New Mexico law to offer to Native Resource Development Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

13.     National Interstate Insurance Company never advised Penny Emerson or Native Resource Development that National Interstate Insurance Company was required by Arizona law to offer Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

14.     Neither Mueller & Associates nor David Kzryzanowski ever advised Penny Emerson or Native Resource Development that National Interstate Insurance Company was required by New Mexico law to offer Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

15.     Neither Mueller & Associates nor David Kzryzanowski knew that National Interstate Insurance Company was required by New Mexico law to offer to Native Resource Development Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

16. National Interstate Insurance Company never advised Penny Emerson or Native Resource Development that National Interstate Insurance Company was required by New Mexico law to offer Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

17. National Interstate Insurance Company knew that it was required by New Mexico law to offer Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 of bodily injury liability coverage requested.

18. National Interstate refused to offer Native Resource Development Uninsured or Underinsured Motorist coverage in an amount equal to the $5,000,000 bodily injury liability coverage requested.

19. Risks which were located in the State of New Mexico were assumed by National Interstate Insurance Company when it issued the policy of insurance to Native Resource Development.

20. National Interstate Insurance Company never advised Penny Emerson or Native Resource Development that Mueller & Associate was not licensed as a New Mexico insurance agency during the solicitation and sale of the policy.

21. National Interstate Insurance Company never advised Penny Emerson or Native Resource Development that David Kzryzanowski was not licensed as a New Mexico insurance agent during the solicitation and sale of the policy.

5

22. National Interstate Insurance Company never advised Penny Emerson or Native Resource Development that David Kzryzanowski was not appointed to act as agent on its behalf for any risks resident or to be performed with the State of New Mexico during the solicitation and sale of the policy.

23. David Kzryzanowski never advised Penny Emerson or Native Resource Development that he was not appointed to act as agent on behalf of National Interstate Insurance Company for any risks resident or to be performed with the State of New Mexico during the solicitation and sale of the policy.

24. Mueller & Associates never advised Penny Emerson or Native Resource Development that David Kzryzanowski or any of its other agents or employees were not appointed to act as agent on behalf of National Interstate Insurance Company for any risks resident or to be performed with the State of New Mexico during the solicitation and sale of the policy.

25. Neither Mueller & Associates nor David Kzryzanowski explained to Penny Emerson or Native Resource Development the significance of the Arizona Uninsured/Underinsured selection form as it related to the coverage sought.

26. Neither Mueller & Associates nor David Kzryzanowski explained to Penny Emerson or Native Resource Development the significance of the New Mexico Uninsured/Underinsured selection form as it related to the coverage sought.

27. Neither Penny Emerson, individually, nor on behalf of Native Resource Development initialed any coverage choices for Uninsured or Underinsured Motorist coverage for Arizona.

28. The New Mexico Uninsured/Underinsured Motorist selection form does not indicate that Native Resource Development accepted coverage limits for Uninsured/Underinsured Motorist coverage in an amount equal to the per vehicle coverage contained in the New Mexico Uninsured/Underinsured Motorist Endorsement attached to the National Interstate policy issued to Native Resource Development.

29. Mueller & Associates and David Kzryzanowski held themselves out to Penny Emerson and Native Resource Development as being insurance experts.

30. Penny Emerson and Native Resource Development reasonably relied on the expertise of Mueller & Associates and David Kzryzanowski to provide Uninsured and Underinsured Motorist coverage from National Interstate Insurance Company in an amount equal to the bodily injury liability limits of $5,000,000.

31. Penny Emerson, on behalf of Native Resource Development, would have purchased $5,000,000 Uninsured/Underinsured Motorist coverage had the option been communicated to her by Mueller & Associates, David Kzryzanowski, or National Interstate Insurance Company.

32. Penny Emerson and Native Resource Development reasonably relied on the expertise of Mueller & Associates and David Kzryzanowski to explain the legal consequences of the National Interstate policy definition of "Class 1" insured in the New Mexico Uninsured/Underinsured Motorist Endorsement.

33. Penny Emerson, individually and on behalf of Native Resource Development, was mistaken as to the legal consequences of the New Mexico Uninsured/Underinsured Motorist Endorsement's definition of "Class 1" insured if Native Resource Development was designated as a corporation and the sole named insured.

34. The conduct of Mueller & Associates and David Kzryzanowski in addressing with Penny Emerson, individually and on behalf of Native Resource Development, the Uninsured/Underinsured Motorist coverage available from National Interstate Insurance Company amounted to a lack of good faith.

35. The conduct of Mueller & Associates and David Kzryzanowski in addressing with Penny Emerson, individually and on behalf of Native Resource Development, the Uninsured/Underinsured Motorist coverage available from National Interstate Insurance Company amounted to negligence.

36. National Interstate Insurance Company did not communicate directly with Penny Emerson or Native Resource Development during the solicitation or application stages of the policy.

37. National Interstate Insurance Company clothed Mueller & Associates and David Kzryzanowski with the appearance of authority to act on its behalf in soliciting and selling Native Resource Development National Interstate's commercial automobile policy of insurance.

38. National Interstate did not timely disavow any of the apparent authority in which it clothed Mueller & Associates and David Kzryzanowski to act on its behalf in the solicitation and sale of the National Interstate policy to Native Resource Development.

39. Penny Emerson, individually and on behalf of Native Resource Development, relied on the apparent authority of Mueller & Associates and David Kzryzanowski to act on behalf of National Interstate Insurance Company in the solicitation and sale of the National Interstate policy to Native Resource Development.

40.     Penny Emerson, individually and on behalf of Native Resource Development, relied in good faith and with reasonable prudence on the ostensible authority of Mueller & Associates and David Kzryzanowski to act on behalf of National Interstate Insurance Company in the solicitation and sale of the National Interstate policy to Native Resource Development.

41. At all times during the solicitation and sale of the National Interstate Insurance policy to Native Resource Development, Mueller & Associates and David Kzryzanowski were acting within the scope of their apparent authority to act on behalf of National Interstate Insurance Company.

42. As a direct and proximate result of the lack of good faith in the conduct of Mueller & Associates and David Kzryzanowski, Penny Emerson suffered monetary damages for the failure and refusal of National Interstate Insurance Company to pay the Uninsured Motorist Arbitration Award in full.

43. As a direct and proximate result of the negligent conduct of Mueller & Associates and David Kzryzanowski, Penny Emerson suffered monetary damages for the failure and refusal of National Interstate Insurance Company to pay the Uninsured Motorist Arbitration Award in full.

44. David Kzryzanowski and Mueller & Associates had actual authority to act on behalf of National Interstate Insurance Company in the solicitation and sale of the policy to Native

Resource Development

## **CONCLUSIONS OF LAW**

1.  National Interstate Insurance Company was required by the New Mexico Insurance Code to appoint David Kzryzanowski to act as its agent for any risks resident to New Mexico or to be performed therein.

2.  National Interstate was prohibited from accepting insurance business from David Kzryzanowski because he was not licensed as an insurance agent in the State of New Mexico.

3.  National Interstate Insurance Company agreed when it received its Certificate of Authority to transact the business of insurance in the State of New Mexico to follow all New Mexico laws relating to that business.

4.  National Interstate Insurance Company, by accepting business from David Kzryzanowski for a New Mexico risk for the policy of insurance with Native Resource Development, is responsible pursuant to NMSA 1978, Section 59A-18-24 for the acts and omissions of David Kzryzanowski.

5.  David Kzryzanowski had apparent authority to act on behalf of National Interstate Insurance Company in the State of New Mexico.

6.  Mueller & Associates had apparent authority to act on behalf of National Interstate Insurance Company in the State of New Mexico.

7.  David Kzryzanowski and Mueller & Associates had actual authority to act on behalf of National Interstate Insurance Company in the state of New Mexico.

8.  David Kzryzanowski's conduct in dealing with Penny Emerson, individually and on

behalf of Native Resource Development, was inequitable and supports reformation of the policy of insurance to reflect increased availability of Uninsured and Underinsured Motorist coverage.

9. Mueller & Associates' conduct in dealing with Penny Emerson, individually and on behalf of Native Resource Development, was inequitable and supports reformation of the policy of insurance to reflect increased availability of Uninsured and Underinsured Motorist coverage.

10. Penny Emerson, individually and on behalf of Native Resource Development, reasonably expected Uninsured and Underinsured Motorist coverage in an amount equal to the $5,000,000 bodily injury liability coverage contained in the National Interstate policy of insurance.

11. Penny Emerson, individually and on behalf of Native Resource Development, reasonably expected to be included as a Class 1 insured under the New Mexico Uninsured/Underinsured Endorsement to the National Interstate policy of insurance.

12. National Interstate Insurance Company is responsible for payment to Penny Emerson the balance of the Uninsured Motorist Arbitration Award of $1,800,000.

13. National Interstate Insurance Company is responsible for payment of interest on the balance of the Uninsured Motorist Arbitration Award from October 31, 2001, at the annual percentage rate of 15%.

Respectfully submitted,

Steven C. Henry, Esq.
3949 Corrales Road
Suite 120
Corrales, NM 87048
Ph. (505) 828-0127
Fax (505) 890-2067

*signature*

Ted Barudin & Associates. P.C.
Theodore W. Barudin. Esq.
7900 Menaul Blvd. NE
Albuquerque, NM 87110
(505) 332-1800
fax (505) 271-1888

*signature*

Maureen A. Sanders, Esq.
102 Granite Ave. NW
Albuquerque, NM 87102
(505)243-2243
fax (505) 243-2750

I HEREBY CERTIFY that a true
and correct copy of the foregoing
was faxed to:

Civerolo, Gralow & Hill
William Gralow, Esq.
Lisa Entress Pullen, Esq.
P.O. Drawer 887
Albuquerque, NM 87103-887
(505) 842-8255
fax (505) 764-6099

This 22nd day of January, 2004.

*signature*
Steven C. Henry, Esq.